IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD PATTON                                                                                          PLAINTIFF

v.                                                                                    CAUSE NO. 1:15CV355-LG-RHW

J & K LOGGING, LLC and
INTERNATIONAL PAPER COMPANY                                                         DEFENDANTS

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY DEFENDANT J & K LOGGING, LLC

BEFORE THE COURT is the [15] Motion for Partial Summary Judgment filed by Defendant J & K Logging, LLC. Plaintiff Donald Patton did not respond to the Motion, and the time for doing so has expired. Having considered the Motion and the relevant law, the Court is of the opinion that Patton's claim for timber trespass under Mississippi Code § 95-5-10 is time-barred. The Court is also of the opinion that even if the claim were not time-barred, summary judgment should still be granted in J & K's favor because there is an absence of genuine issue of material fact with respect to whether Patton consented to the cutting of the subject timber.

### BACKGROUND

Plaintiff Patton instituted this action in the Circuit Court of Harrison County, Mississippi, on September 18, 2015. It was then removed to this Court on October 23, 2015. Patton alleges that in August 2013, he entered into a Timber Contract with Defendant J & K for J & K to harvest timber from his property. He further alleges that "[p]rior to the cutting of the timber, an employee of the Defendant, International Paper Company, estimated the value of the Plaintiff's timber at over $200,000.00." (Compl. 2, ECF No. 1-2). However, he states that

"[w]hen the last of the timber was cut and [he] received his last payment on or about September 20, 2013, [he] realized that he had been paid less than half the estimated value of his timber." (*Id.* at 2-3). He contends that Defendants J & K and International Paper have deprived him "of the full value of the timber removed from his property." (*Id.* at 3).

In his Complaint, Patton brings multiple claims against Defendants J & K and International Paper, including a claim for timber trespass pursuant to Mississippi Code § 95-5-10. J & K has moved for partial summary judgment on the timber trespass claim. It argues that summary judgment is proper because (1) the claim is barred by the applicable statute of limitations, and (2) § 95-5-10 "does not impose liability for payment disputes, only the cutting of timber without consent." (J & K Mot. 1, ECF No. 15).

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing J & K's Motion, the Court views the evidence in the light most favorable to Patton. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). Patton has not submitted any argument or evidence in opposition to J & K's Motion. Nevertheless, J & K bears the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad*

2

*Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But the Court will not, in the absence of proof, assume that Patton could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Mississippi Code § 95-5-10 establishes a cause of action for timber trespass for an owner of timber when "any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree . . . ." The claim must be brought within two years "from the time the injury was committed and not after." Miss. Code § 95-5-29. The "injury" is the cutting of the timber. *See* Miss. Code § 95-5-10; *Jackson v. Carter*, 23 So. 3d 502, 504-07 (Miss. Ct. App. 2009). Furthermore, a claim for timber trespass is not subject to the discovery rule, even if Patton had raised this issue, which he has not. *See Jackson*, 23 So. 3d at 504-07.

J & K has submitted evidence that the last cutting on Patton's property occurred on September 12, 2013. (*See* Exs. 5 & 6 to J & K Mot., ECF Nos. 15-5 & 15-6). Patton has not submitted any evidence in response or otherwise shown that there is a genuine issue of material fact with respect to the September 12 date. His Complaint allegation that the cutting was complete on September 20, 2013 is insufficient to overcome summary judgment. *See Abarca*, 404 F.3d at 940 (a plaintiff may not rest upon mere allegations in his Complaint but must set forth specific facts showing the existence of a genuine issue for trial). Because Patton did not file his Complaint until September 18, 2015 – more than two years after the last cutting on his property – his claim for timber trespass brought pursuant to Mississippi Code § 95-5-10 is time-barred.

Even if that claim was not time-barred, however, the Court also agrees with J & K that Mississippi Code § 95-5-10 does not apply in this context. An action for timber trespass under § 95-5-10 requires a plaintiff to establish that "the timber was cut down without his consent." *See Pittman v. Dykes Timber Co., Inc.*, 18 So. 3d 923, 926 (Miss. Ct. App. 2009). J & K has shown the absence of a genuine issue of material fact with respect to Patton's consent for J & K to harvest the timber as a result of the Timber Contract entered into between the parties; Patton has failed to come forward with evidence, for example, that J & K harvested timber not contemplated by that contract. *See, e.g.*, *Fly Timber Co. v. Waldo*, 758 So. 2d 1067, 1071-72 (Miss. Ct. App. 2000); *see also Little*, 37 F.3d at 1069. That Patton is dissatisfied with the price paid for the timber to which he consented to being cut does not give rise to a cause of action under § 95-5-10.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Motion for Partial Summary Judgment filed by Defendant J & K Logging, LLC is **GRANTED**. Plaintiff's claim against J & K for timber trespass brought pursuant to Mississippi Code § 95-5-10 is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE