## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**DONALD PATTON**                                                                    **PLAINTIFF**

**v.**                                                                    **CAUSE NO. 1:15CV355-LG-RHW**

**J & K LOGGING, LLC and**
**INTERNATIONAL PAPER COMPANY**                                        **DEFENDANTS**

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND FINDING AS MOOT MOTION TO EXCLUDE EXPERT TESTIMONY FILED BY DEFENDANT INTERNATIONAL PAPER COMPANY

BEFORE THE COURT is the [62] Motion For Summary Judgment and the [64] Motion To Exclude Expert Testimony filed by Defendant International Paper Company. The Motions have been fully briefed. Having considered the Motions, the submissions of the parties, and the relevant law, the Court is of the opinion that International Paper is entitled to summary judgment on all claims stated against it, and, thus, that the Motion To Exclude is moot.

### BACKGROUND

This diversity action arises out of a Timber Contract between Plaintiff Donald Patton and Defendant J & K Logging, LLC. Patton alleged in his Complaint and testified in his deposition that approximately a year before he entered into the subject contract, Kevin Mizell, an employee of International Paper, estimated the value of Patton's timber at $200,000. (*See* Compl. 2, ECF No. 1-2; Patton Dep. 38:2-4, ECF No. 62-1). Patton further testified that Mizell recommended J & K to him to remove the timber. (*See* Patton Dep. 122:5-12, ECF No. 62-1). He also stated that about a year later, he spoke to Steven King, J & K's

owner, about the timber, and that King "thought there'd be 200,000 – at least

$200,000 worth of timber on the place." (*Id.* at 38:14-39:5).

Thereafter, in August 2013, Patton signed a Timber Contract with J & K in

August 2013 for the removal of the timber.  The Timber Contract provided in

pertinent part that Patton would be paid $14.00/ton for pine pulpwood, $33.00/ton

for pine logs, and $46.00/ton for pine poles.  (*See* Timber Contract, ECF No. 62-2).

After removing the timber, J & K sold some of the timber to International Paper at

its mill in Bogalusa, Louisiana.

Patton alleges that "[w]hen the last of the timber was cut and [he] received

his last payment on or about September 20, 2013, [he] realized that he had been

paid less than half the estimated value of his timber." (Compl. 2-3, ECF No. 1-2).

He contends that Defendants J & K and International Paper have deprived him "of

the full value of the timber removed from his property." (*Id.* at 3).  Specifically, he

argues that he was paid for pulpwood, but should have been paid for logs or poles.

Patton has brought multiple claims against Defendants J & K and

International Paper under Mississippi law, including claims against International

Paper for (1) timber trespass; (2) conspiracy to defraud; (3) negligence; (4) gross

negligence; (5) bad faith; (6) breach of fiduciary duty; and (7) specific performance.

International Paper has now moved for summary judgment on all claims.

### DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

The non-movant's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and quotation marks omitted). He "must come forward with specific facts showing that there is a genuine issue for trial. Conclusory statements in an affidavit [or other sworn testimony] do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment." *Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1998); *Sanches v. Carrollton Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).

While the Court is obligated to resolve factual controversies in favor of the non-moving party, it must only do so when there is an actual controversy, "that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. The Court will not, in the absence of proof, assume that the non-moving party could or would prove the necessary facts. *Id.* "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a [factfinder] to

return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Applying this standard, the Court is of the opinion that International Paper is entitled to summary judgment. Patton has conceded his conspiracy to defraud claim,[1] and the Court finds that he has not carried his summary judgment burden with respect to his remaining claims.

**Timber Trespass**

Mississippi Code § 95-5-10 creates a cause of action for timber trespass for an owner of timber when "any person shall cut down, deaden, destroy or take away any tree without the consent of the owner . . . ." The claim must be brought within two years from the cutting of the timber, and the claim is not subject to the discovery rule. *See* Miss. Code §§ 95-5-10, 95-5-29; *Jackson v. Carter*, 23 So. 3d 502, 504-07 (Miss. Ct. App. 2009). Additionally, the plaintiff must show that "the timber was cut down without his consent." *See Pittman v. Dykes Timber Co., Inc.*, 18 So. 3d 923, 926 (Miss. Ct. App. 2009).

International Paper has submitted evidence that the last cutting on Patton's

---

[1] Regardless, the Court finds that International Paper has met its summary judgment burden to show that there are no genuine issues of material fact for a jury to decide with respect to this claim, and that Patton has failed to show that summary judgment should not be granted. *See Celotex*, 477 U.S. at 323-25.

property occurred on September 12, 2013.[2]  Patton argues in response that he was

not paid for the last timber cut until September 19, 2013.  The last date he was paid

is not the salient date, rather the last date the timber was cut.  Moreover, Patton's

assertion "that the timber transaction has never been completed as there remains

timber on the ground and repairs to the Plaintiff's property for damages resulting

from the logging operation has never been made[,]" (Patton Mem. 2, ECF No. 79), is

legally inconsequential.  Because Patton did not file his Complaint until September

18, 2015, his claim for timber trespass is clearly time-barred.

Even if that claim was not time-barred, summary judgment would be

appropriate in as much as there is no genuine issue of material fact with respect to

an essential element of the claim.  Specifically, Patton consented to the timber

cutting.  Patton's dissatisfaction with the price he was paid for the timber after the

fact does not give rise to a cause of action under § 95-5-10.  Likewise, Patton's claim

that he "was under the impression that J & K Logging, LLC was an agent of

International Paper[,]" (Patton Mem. 2, ECF No. 79), is irrelevant to the issue of

consent, which is undisputed.

**Negligence, Gross Negligence, and Bad Faith**

"The elements of a prima facie case of negligence are duty, breach, causation,

---

[2] Patton alleged in his Complaint that the last cutting was complete on
September 20, 2013.  However, Patton may not rest upon his complaint allegations
to overcome summary judgment.  *See Abarca*, 404 F.3d at 940 (a plaintiff may not
rest upon mere allegations in his complaint but must set forth specific facts showing
the existence of a genuine issue for trial).

and damages." *Todd v. First Baptist Church of W. Point*, 993 So. 2d 827, 829 (Miss. 2008).  "Duty and breach must be established first."  *Id.*  "Whether or not a duty exists is a question of law for the court to decide."  *Enter. Leasing Co. S. Cent. v. Bardin*, 8 So. 3d 866, 871 (Miss. 2009).

Patton claims that "[w]hen International Paper began receiving the timber and realized the size of the timber, they should not have purchased it as pulp.  As sophisticated buyers, International Paper . . . knew or should have known the benefit of the bargain and acted properly, which they did not do."  (Patton Mem. 3, ECF No. 79).  Similarly, in his Complaint, he states that International Paper "failed to properly grade the Plaintiff's timber and to properly pay the Plaintiff for said timber."  (Compl. 7, ECF No. 4-1).

Patton's belief that his timber was worth more does not amount to a negligence claim under Mississippi law.  Patton cites no law, and the Court has located none, that would establish that International Paper, as the buyer of timber from J & K, had any duty to Patton.

Patton's "impression" that J & K "was an agent of International Paper[,]" (Patton Mem. 3, ECF No. 79), is not enough to create a duty on the part of International Paper.[3]  International Paper has submitted evidence – which remains undisputed – that it does not employ J & K, that J & K "purchases its own timber and delivers some timber to International Paper for purchase[,]" and that

---

[3] J & K has also filed a motion for summary judgment.  The Court offers no opinion in this Order whether J & K owed any duty to Patton.

International Paper was not involved in the actual harvesting, sorting, or grading of timber from Patton's property. (Decl. Of Michael Hudson 1, ECF No. 62-6).

Patton has not demonstrated disputed the existence of material facts that make out the elements necessary to show an agency relationship between International Paper and J & K under Mississippi law. *See, e.g.*, *Cooper Indus., Inc. v. Tarmac Roofing Sys., Inc.*, 276 F.3d 704, 708 (5th Cir. 2002) ("In Mississippi, the burden of proving an agency relationship is on the party asserting it.") (citation, quotation marks, and brackets omitted). At most, Patton has presented evidence that International Paper recommended J & K to him a year prior to the Timber Contract being executed, which evidence does not create a genuine issue of material fact regarding an agency relationship. *See, e.g.*, *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1160 (Miss. 2010); *Capital Assocs., Inc. v. Sally Southland, Inc.*, 529 So. 2d 640, 644-45 (Miss. 1988). Patton's unsupported assertions about what he believed the relationship to be are not evidence, and the Court can not assume that Patton could or would prove the necessary facts. *See Little*, 37 F.3d at 1075. Accordingly, the Court finds summary judgment appropriate in favor of International Paper on Patton's negligence claim against it.

Furthermore, because Patton cannot prove a negligence claim against International Paper, his gross negligence claim also fails. *See, e.g.*, *White v. Nelson*, 196 So. 3d 1039, 1049 (Miss. Ct. App. 2016). Likewise, his bad faith claim is not cognizable. *See Southland Enters., Inc. v. Newton Cty.*, 940 So. 2d 937, 943 (Miss. Ct. App. 2006) (defining bad faith to include "refusal to fulfill a duty"). Even so,

Patton's speculation of bad faith on the part of International Paper is "insufficient to avoid summary judgment." *See Sanches*, 647 F.3d at 165 ("Conclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment."); *Lechuga*, 949 F.2d at 798.

**Breach of Fiduciary Duty**

Like negligence, a breach of fiduciary duty claim under Mississippi law requires a plaintiff to prove the existence of a duty. *See Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 758 (Miss. 2004) ("Mississippi law is well-settled that in order to establish a claim for breach of fiduciary duty, [a plaintiff] must first establish a duty."). Again, Patton cites no law that would establish that International Paper owed Patton a fiduciary duty. Instead, the Court's review of Mississippi law shows that in arms-length business transactions, such as is at issue here, a fiduciary duty rarely arises. *See, e.g.*, *Dominquez v. Palmer*, 970 So. 2d 737, 742 (Miss. Ct. App. 2007).

**Specific Performance**

It is unclear to the Court whether Patton is still pursuing this claim against International Paper. Nevertheless, "[s]pecific performance has traditionally been regarded as a remedy for breach of contract that is not a matter of right but of sound judicial discretion." *See Frierson v. Delta Outdoor, Inc.*, 794 So. 2d 220, 225 (Miss. 2001). There is no breach of contract claim (or any other cognizable claim, as discussed herein) stated against International Paper, and, thus, it is entitled to summary judgment on any specific performance claim against it.

CONCLUSION

Defendant International Paper has carried its summary judgment burden to show an absence of any genuine issue of material fact, and Plaintiff Patton has failed to meet his burden to show that summary judgment should not be granted. *See* Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323-25.  Thus, the Court will grant summary judgment in favor of Defendant International Paper on all claims stated against it.  Accordingly, the Motion To Exclude is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [62] Motion For Summary Judgment filed by Defendant International Paper Company is **GRANTED**, and the Clerk is directed to terminate International Paper Company as a defendant.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [64] Motion To Exclude Expert Testimony is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 5th day of October, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE